**David J. DILLWORTH and Dorothy Dillworth**

v.

**Andrew GAMBARDELLA.**

**Civ. A. No. 90-02.**

United States District Court,
D. Vermont.

Sept. 25, 1991.

Thomas French, Brattleboro, Vt., for plaintiffs.

Douglas Richards, Springfield, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, Chief Judge.

On September 9, 1991 plaintiffs moved this court for a new trial pursuant to Fed. R.Civ.P. 59(a) on the grounds that the court erred in instructing the jury on Vermont's Sports Injury Statute and the doctrine of assumption of risk and that the verdict of the jury was contrary to the weight of the evidence. For the reasons stated herein, plaintiffs' motion is denied.

### Background

This case arises out of a skiing accident which occurred at Stratton Mountain on February 11, 1989. Plaintiff David Dillworth was skiing near the base of the Grizzly Chair Lift in a designated slow area when defendant Andrew Gambardella fell, causing plaintiff to fall forward abruptly and land on his back.

Plaintiff David Dillworth sustained serious and permanent injuries as a result of the accident. He alleged that defendant was negligent and that this negligence proximately caused his injuries. Plaintiff Dorothy Dillworth claimed a loss of consortium resulting from her husband's injuries.

Defendant Andrew Gambardella generally denied plaintiffs' allegations and claimed that, under Vermont law, a skier accepts as a matter of law the obvious and necessary dangers inherent in the sport. Alternatively, defendant claimed that if he were found negligent then, under Vermont's rule of comparative negligence, he was relieved of liability because plaintiff's own negligence was of a greater degree than defendant's.

Notwithstanding plaintiffs' objection, the court in its charge instructed the jury on the Vermont Sports Injury Statute, 12 V.S.A. § 1037, which states that "... a person who takes part in any sport accepts as a matter of law the dangers that inhere therein insofar as they are obvious and necessary." The court then instructed the jury regarding the issues of negligence and comparative negligence. The jury returned a verdict for defendant, finding no liability as averred by plaintiffs.

Plaintiffs now allege three grounds on which a new trial should be granted. Plaintiffs assert that the court erred in instructing the jury on the sports injury statute because, they maintain, it applies exclusively to ski area operators and not to individual skiers. Plaintiffs also claim that the court was in error for instructing the jury on the doctrine of primary assumption of risk because, they allege, the doctrine as applied undermines Vermont's general comparative negligence statute which is also at issue in this case. Further, plaintiffs request that the court set aside the jury's verdict because it was contrary to the great weight of the evidence.

### Discussion

While there has been much litigation concerning the liability of ski area operators for injuries suffered by business invitees, *see e.g Sunday v. Stratton Corporation*, 136 Vt. 293, 390 A.2d 398 (1978); *Leopold v. Okemo*, 420 F.Supp. 781 (D.Vt.1976), almost no cases exist which address the issue

of whether and under what circumstances a skier can be held liable for the injuries of another skier resulting from a collision between them.

As a matter of public policy, Vermont, a state in which skiing constitutes a significant recreational and commercial interest, has substantially shielded ski area operators from liability for injuries to business invitees. Adopting the Vermont Sports Injury Statute, 12 V.S.A. § 1037, in 1977, the Vermont legislature established that there are inherent dangers to be accepted by skiers as a matter of law. The statute exists alongside of Vermont's comparative negligence statute, 12 V.S.A. § 1036, and, by its terms, applies "notwithstanding the provisions of Title 12, section 1036." *Id.*

 In pertinent part, Section 1037 provides that "... a person who takes part in any sport accepts as a matter of law the dangers that inhere therein insofar as they are obvious and necessary." The statute incorporates the common law doctrine of assumption of risk which previously had been applied to cases involving the liability of ski area operators. *See e.g. Wright v. Mt. Mansfield*, 96 F.Supp. 786 (D.Vt.1951). This rule holds that when a risk or danger is obvious such that it is widely known by reasonable people under the particular circumstances and necessary such that it is impossible or unreasonably difficult or expensive to eliminate, the person engaged in the dangerous activity assumes those obvious and necessary risks. Concomitantly, there is no duty on the part of others to warn about or extinguish those risks. Thus, by statute or common law rule, ski area operators have traditionally been exempted from liability for injuries to skiers resulting from obvious and necessary risks.

 The case law and the statute in issue plainly reveal the applicability of the common law rule of assumption of risk to collisions between skiers. A basic principle of sports participation generally is that a person who takes part in a sport accepts the obvious and necessary dangers which inhere in it. *See* 4 Am.Jur.2d, Amusements and Exhibitions, §§ 86, 98; 4 A.L.R.3d 1447. In *Judith North v. Pico Peak Ski*

*Area, Inc.*, Docket No. 80–49 (D.Vt. July 17, 1981), the court affirmed this principle when, invoking the Vermont Sports Injury Statute, it instructed the jury that

> ... a person who takes part in any sport, including skiing, accepts as a matter of law the inherent dangers of the sport insofar as those dangers are obvious to the participants and necessary to the conduct of the sport. You must determine, therefore, whether the risk of collisions between skiers waiting in a lift line, and other skiers engaged in the sport is obvious or widely known by reasonable people familiar with skiing in ski areas. You must also determine whether the risk of such a collision is necessary in a sense of being impossible or unreasonably difficult or expensive to eliminate. If you find that plaintiff assumed the risk of the collision because such collisions are an obvious and necessary part of the sport of skiing, you must return a verdict for the defendant.

Clearly, the court found that both the principle and the Vermont Sports Injury Statute which embodies it apply to ski injury cases involving fellow skiers.

Further, in *McDaniel v. Dowell*, 210 Cal. App.2d 26, 26 Cal.Rptr. 140 (1962), the court affirmed a jury verdict for defendant who had injured plaintiff while both were skiing. Albeit the court did not discuss fully the circumstances under which a skier may be liable for injuries caused to another skier, it nevertheless held that it was proper for the trial court to instruct the jury on the doctrine of assumption of risk since the evidence clearly showed that a necessary and obvious risk incident to skiing was the danger arising from the movements of a skier who has lost control of her bodily actions. *Id.* at 36, 26 Cal.Rptr. at 146–47.

As demonstrated by the court in *North*, the Vermont Sports Injury Statute applies to accidents in which two skiers collide. Notwithstanding the clear policy undergirding Section 1037, the statute shields *all* participants in "any sport" and not merely ski operators by compelling persons as a matter of law to accept the obvious and necessary dangers of the particular sport.

As long as the risk, in this case collision among skiers, is found to be obvious and necessary then the statute will apply to shield the defendant by removing any duty owed to the plaintiff.

■ In the instant case, plaintiffs allege that the court erred in instructing the jury on the Vermont Sports Injury Statute and the doctrine of assumption of risk. We disagree. Adhering both to precedent and the statute's plain terms, the court instructed the jury on the risks and duties of the parties. Moreover, the court correctly instructed the jury that it must determine whether the risk of collision between skiers was obvious and necessary given the facts of the case.

■ Further, there is clearly no conflict between the Vermont Sports Injury Statute and the comparative negligence statute as plaintiffs claim. Section 1037 on its face reconciles the two rules by simply injecting the doctrine of assumption of risk into a traditional comparative negligence context, namely, sports participation. As the court in *Sunday* explained,

... any chance of conflict between a comparative negligence statute and the defense of primary assumption of the risk as an absolute bar to recovery becomes non-existant. When a primary assumption of the risk exists there is no liability to the plaintiff because there is no negligence on the part of the defendant to begin with; the danger to the plaintiff is not one which the defendant is required to extinguish or warn about. Having no duty to begin with, there is no breach of duty to constitute negligence. *Sunday*, 136 Vt. at 301, 390 A.2d 398.

The only real issues in conflict are factual: whether or not the defendant's actions constitute an obvious and necessary risk inherent in the sport. Thus, the court in *Sunday* stated,

While skiers fall, as a matter of common knowledge, that does not make every fall a danger inherent to the sport. If the fall is due to no breach of duty on the part of the defendant, its risk is assumed in the primary sense and there can be no recovery. But where the evidence indicates the existence of assumption of the duty and its breach, that risk is not one assumed by the plaintiff. *Id.* 136 Vt. at 302, 390 A.2d 398.

Ultimately, then, the existence of an assumed risk or duty is a question of fact for the jury. Here, as in *Sunday*, the court appropriately assigned this determination to the jury.

■ Plaintiffs urge this court to overturn the verdict and grant a new trial because, they assert, the jury disregarded the weight of the evidence. We find this claim meritless. As plaintiffs readily acknowledge, motions of this kind require an incontrovertible showing of injustice. Plaintiffs maintain, in substance, that defendant presented incredible, inconsistent evidence concerning the details of the accident in issue while plaintiffs' evidence was wholly credible and consistent. The court admits to some perplexity as to the relevance and weight of these allegations. Certainly, the believability and consistency of disputed facts which concern the accident e.g. whether defendant's ski hit plaintiff or, alternatively, whether defendant himself collided with plaintiff, were matters for the jury.

■ Moreover, plaintiffs' remarks on the parsimonious pattern of the jury panel are entirely tendentious and baseless. That a particular jury pool happened not to award damages in other cases in an amount agreeable to plaintiffs is no reason to suggest that the jury in this case may have disregarded evidence favorable to plaintiffs.

### Conclusion

The court is satisfied upon consideration of the relevent evidence proffered at trial that the jury did not disregard the credible evidence and that its verdict was not contrary to the clear weight of that evidence. For the reasons stated above, plaintiffs' motion for a new trial is hereby DENIED.

SO ORDERED.